UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
CALVIN THOMPSON,                       :    CASE NO. 1:17-CV-00126
                                       :
           Plaintiff,                  :
                                       :
vs.                                    :    OPINION & ORDER
                                       :    [Resolving Doc. No. 1]
CUYAHOGA COUNTY                        :
SHERIFF'S DEPARTMENT, *et al.*,        :
                                       :
           Defendants.                 :
                                       :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Plaintiff Calvin Thompson filed this action against the Cuyahoga County Sheriff's Department, Cuyahoga County Associate Warden Alfred Wilcox, Cuyahoga County Assistant Prosecutor Denise Cameron, Narcotics Division Chief Dale Smith, and Edward Graves. Plaintiff alleges that in 1995, he was fired from his job as a jail in corrections officer and prosecuted for smuggling two marijuana cigarettes into the jail and passing them to an inmate. He asserts claims under 42 U.S.C. §§ 1981 and 1983, 18 U.S.C. §§ 241 and 242 for wrongful termination, entrapment, malicious prosecution, intentional infliction of emotional distress, violation of Fourth Amendment rights, denial of due process and denial of equal protection. He seeks monetary damages and injunctive relief.

**I. Background**

Plaintiff indicates he was employed as a corrections officer in the Cuyahoga County jail in 1995. He states an inmate at the jail offered him money to bring marijuana cigarettes to him

in the jail, but Plaintiff refused the offer. He contends the inmate's girlfriend then began putting pressure on Plaintiff to bring marijuana into the jail for the inmate. He states he finally acquiesced to her demands and brought a "couple of small sticks" into the jail. When he gave them to the inmate, he was arrested. He later learned the inmate was acting as a jail informant.

Plaintiff states he was placed in a single cell, in full view of his former colleagues. He states he cried for hours until he was released on bond. He was convicted in 1995 on charges of trafficking in drugs, and bringing contraband property into a detention facility. He served his sentence and paid all of his court costs. His conviction was expunged in 2008. (Doc. No. 4-2).

Plaintiff has now filed this action to contest the actions which led to his conviction twenty-two years ago. He alleges he was entrapped by the Defendants to do something he would not otherwise have done. He alleges that Caucasian officers who smuggled drugs to inmates were not treated as harshly as he was treated. He indicates the Defendants embarrassed and humiliated him by placing him in a cell where he could be seen by other corrections officers. He asserts claims for wrongful termination, entrapment, malicious prosecution, intentional infliction of emotional distress, violation of Fourth Amendment rights, denial of due process and denial of equal protection.

## II. Legal Standard

Although the Court does not hold *pro se* pleadings to the same standard as those filed by attorneys, the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law

or fact.¹ A claim lacks an arguable basis in law or fact when it is based on an unquestionably meritless legal theory or when the factual allegations are clearly baseless.² A cause of action fails to state a claim upon which relief may be granted when it does not contain enough facts to suggest Plaintiff has a plausible claim that entitles him to the relief he seeks.³ This does not mean a Plaintiff is required to allege the facts of his Complaint in great detail, but he still must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."⁴ A Complaint that offers only legal conclusions or a simple listing of the elements of a cause of action will not meet this standard.⁵ When reviewing the Complaint under § 1915(e), the Court must read it in a way that is the most favorable to the Plaintiff.⁶

### III. Analysis

As an initial matter, the statute of limitations for bringing an action under 42 U.S.C. §§ 1981 and 1983 has expired. Ohio's two year statute of limitations for bodily injury applies to §§ 1981 and 1983 claims.⁷ The actions alleged in the Complaint took place in 1995. This action was filed in 2017, well beyond the expiration of the two-year statute of limitations

---

¹ *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990).

² *Neitzke*, 490 U.S. at 327.

³ *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

⁴ *Iqbal*, 556 U.S. at 678.

⁵ *Id.*

⁶ *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

⁷ *LRL Properties v. Portage Metro Housing Authority*, 55 F. 3d 1097 (6th Cir. 1995); See *Tolbert v. State of Ohio Dept. of Transportation*, 172 F.3d 934 (6th Cir.1999).

-3-

period. There would be no purpose in allowing this matter to go forward in view of the fact that it is clearly time-barred.[8]

The Court notes that the expiration of the statute of limitations period is an affirmative defense that generally must be raised by the Defendants in a responsive pleading.[9] If, however, it is clear from the face of the Plaintiff's Complaint that relief is barred, the Complaint may be dismissed, *sua sponte*, at the screening stage.[10] Here, Plaintiff's Complaint clearly indicates that the events in question occurred more than twenty years ago. His claims under §§ 1981 and 1983 are dismissed.

Plaintiff cannot bring claims under 18 U.S.C. §§ 241 and 242. These are criminal statutes. They do not provide a private right of action.[11]

Plaintiff's remaining claim of intentional infliction of emotional distress arises, if at all under state tort law. Generally, federal courts do not have jurisdiction to hear state law claims unless the Plaintiff and Defendants are citizens of different states, and federal court jurisdiction is based on diversity of citizenship. That is not the case here. Federal courts may have supplemental jurisdiction over state law claims if the Plaintiff asserts federal law claims that are based on the same facts and it makes sense to hear the claims together in a single trial.[12] The

---

[8] *See Fraley v. Ohio Gallia County*, No. 97-3564, 1998 WL 789385, at *1 (6th Cir., Oct. 30, 1998)(affirming *sua sponte* dismissal of *pro se* §1983 action filed after two year statute of limitations for bringing such an action had expired)

[9] Fed.R.Civ.P. 8(c)(1).

[10] *Jones v. Bock*, 549 U.S. 199, 216 (2007).

[11] *U.S. v. Oguaju*, No. 02-2485, 2003 WL 21580657, *2 (6th Cir. July 9, 2003); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir.1994).

[12] *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966).

-4-

Court, however, may exercise discretion in hearing state law matters.[13] In cases where the federal law claims are dismissed before trial, the state law claims should also be dismissed.[14] Having dismissed Plaintiff's federal law claims, this Court declines jurisdiction to hear Plaintiff's state law claim.

### IV. Conclusion

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 5) is granted and this action is dismissed under 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[15]

IT IS SO ORDERED.

Dated: May 9, 2017       *s/ James S. Gwin*
                          JAMES S. GWIN
                          UNITED STATES DISTRICT JUDGE

---

[13] *Id.* at 726.

[14] *Id.*

[15] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.